BOESCH, APPELLANT, *v.* GETTYSBURG PRODUCTS, INC., ET AL., APPELLEES.

(No. 2405—Decided March 1, 1957.)

*Mr. Charles H. Boesch,* for appellant.
*Messrs. Curtner, Brenton & O'Hara,* for appellees.

CRAWFORD, J. This is an appeal on questions of law from the action of the Court of Common Pleas in sustaining a demurrer to the petition and granting judgment to the defendants.

Plaintiff, appellant herein, seeks specific performance of an alleged contract to purchase certain real estate from defendants. The petition alleges that the defendants listed the premises with George P. Huffman, Inc., a duly licensed real estate broker, "agreeing to sell the property hereinafter described for the sum of seventeen thousand, five hundred ($17,500) dollars," and that plaintiff was approached by the broker "and through said agents of the defendant on Novem-

ber 6, 1954, signed a contract to purchase said real estate for the sum of $17,500 and deposited with said agents the sum of one thousand ($1,000) dollars and agreed to pay the balance of said purchase price on or before December 10, 1954.''

The petition, which was filed on November 20, 1956, further recites that plaintiff ''has been ready, willing and able at all times to comply with the terms of said contract, but that said defendants have failed and refused to complete said purchase and plaintiff hereby deposits in court the sum of sixteen thousand, five hundred ($16,500) dollars, which together with the one thousand ($1,000) dollars deposited with the agents of the defendants is the total purchase price of said property.''

No question is raised as to the nature of the relief sought, but defendants, appellees herein, say that the facts alleged fail to show that a contract was ever entered into by the parties.

The broker, George P. Huffman, Inc., is referred to merely as a broker, and as agent or agents of the defendants. There is no allegation of any specific authority on the broker's part to enter into a contract with the plaintiff.

The case of *Weatherhead* v. *Ettinger,* 78 Ohio St., 104, 84 N. E., 598, is conclusive of the question. The syllabus in that case reads:

''A real estate broker is without authority to execute a contract of sale which shall be binding upon one who places real estate in his hands for sale unless such authority is specially conferred.''

In the course of the opinion the court said, at page 107:

''It is in accordance with common understanding that one soliciting the services of a real estate broker, when nothing more appears, reserves to himself the power to conclude the sale. * * * It is to be observed that the question is not affected at all by any of the cases which determine the right of the broker to compensation.''

That case was approved and followed in *Spengler* v. *Sonnenberg,* 88 Ohio St., 192, 102 N. E., 737, where the terms of the purported contract entered into by the purchaser with the broker exceeded the broker's authority. In the course of the opinion holding such contract void, the court said, at page 199:

''It is the settled law of this state that a real estate agent

is without authority to execute a contract of sale which shall be binding on one who places real estate in his hands for sale, unless such authority is specially conferred. *Weatherhead* v. *Ettinger,* 78 Ohio St., 104.

"* * * The fact that the owner of real estate employs an agent to find a purchaser for it, does not raise an implication that the agent is authorized to make a written contract with reference to it. * * * Where special power is conferred upon an agent, persons dealing with him are bound to ascertain the extent of his power."

It should be observed also that the petition in this case fails to allege the elements and terms of a contract. The use of the word "contract" is, therefore, a mere conclusion of law which is not proof against demurrer.

For example, the date or duration of defendants' so-called offer to sell is not stated, so that there is a failure to allege that the so-called offer was in existence at the time of its alleged acceptance. When completely analyzed, the petition indicates only an offer by the plaintiff to pay the price for which defendants had employed the broker to sell.

The action of the Court of Common Pleas in sustaining defendants' demurrer and granting judgment in their favor is accordingly affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and WISEMAN, J., concur.